UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62134-AMC

**HARTE HANKS, INC.,**

Plaintiff,

v.

**JUAN CASTANEDA,** *et al.***,**

Defendants.
_____/

## ORDER

**THIS MATTER** came before the Court upon the Joint Motion for Leave to File Evidence Containing Confidential and Attorney's Eyes Only Information Under Seal ("Motion") [DE 183]. The Motion was referred to me to take all action as required by law [DE 184]. Pursuant to the Motion, Plaintiff and Defendant Primus Intellectual Solutions, LLC seek leave to file the following items under seal: 15 deposition transcripts and all exhibits to such transcripts; various interrogatory responses; 2 expert reports; and numerous documents exchanged during discovery. The Motion indicates that the parties intend to file the aforementioned items in support of not-yet filed summary judgment motions, *Daubert* motions, and motions in limine.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks and citations omitted). *See also* S.D. Fla. L.R. 5.4(a) ("Unless otherwise provided by law, Court rule, or Court

order, proceedings in the United States District Court are public and Court filings are matters of public record."). This right of access "includes the right to inspect and copy public records and documents." *Romero*, 480 F.3d at 1245 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). While it does not apply to discovery, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Id.* (citing *Chicago Tribune*, 263 F.3d at 1312). In other words, "[a] motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id.* at 1246 (citations omitted).

Nevertheless, "[t]he common law right of access may be overcome by a showing of good cause." *Id.* To determine whether good cause exists, courts must balance the parties' interest in keeping the information at issue confidential against the interest of the public in having access to court documents. *Id.* In doing so, court consider various factors such as

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted). While a party's proprietary interest in certain information may sometimes overcome the interest of the public in having access to court records containing such information, the presumption of access is strongest when merits issues or dispositive motions are involved. *See id.* at 1245-46.

Here, the parties fail to establish good cause for the wholesale sealing of all of the documents set forth in the Motion, particularly where a motion for summary judgment is involved. The descriptions provided on pages 2-6 of the Motion are generalized and are largely the same

from one item to the next. With respect to the documents the parties set forth in numbers 21-23 of the Motion (on pages 5-6), hundreds of thousands of pages are included. It is hard to imagine that the parties need to file hundreds of thousands of pages in connection with their upcoming motions under seal (or even at all). While I agree that documents containing source code and certain other proprietary information should be sealed if such documents must be filed, the parties need to substantially narrow the list of documents they seek to file under seal, and the parties need to more specifically identify the specific reason for sealing specific documents or pages.

The other categories also need to be addressed with greater specificity. Regarding the deposition transcripts and exhibits, the parties merely state that each transcript "contains testimony concerning commercially sensitive financial information and other proprietary information, as do the exhibits utilized in the deposition." Such a description plainly provides insufficient reasons to seal fifteen separate deposition transcripts in their entirety in addition to countless exhibits for each deposition. In any renewed motion to seal, the parties should consider asking to seal only certain pages and/or filing redacted versions (with unredacted versions being filed under seal). But if the parties are going to request that any transcripts or exhibits be sealed in their entirety, they are going to need to provide much further explanation. The same goes for the expert reports and interrogatory responses – seek permission to seal less, or provide additional explanation.

Ultimately, I considered all of the factors above that apply and have balanced the competing interests. In doing so, I cannot find that the parties have established good cause to seal the numerous documents and hundreds of thousands of pages identified in the Motion in their entirety. Therefore, it is **ORDERED and ADJUDGED** that the Motion [DE 183] is **DENIED without prejudice**. In any renewed motion, the parties shall limit the documents/pages they seek

to seal, provide further background regarding the items they seek to seal, and indicate the total number of pages they seek to file under seal.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of November 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge